# United States District Court
## FOR THE NORTHERN DISTRICT OF IOWA

| United States of America, | * | |
|---|---|---|
| Plaintiff, | * | |
| | * | No. CR 01-30 |
| v. | * | |
| | * | ORDER |
| Jose Humberto Lara-Munguia, a/k/a | * | |
| Jose Humberto Lara, | * | |
| | * | |
| Defendant-Petitioner. | * | |

The matter before the court is the defendant's petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. No. 43). The defendant pled guilty to one count under 8 U.S.C. § 1326 for illegal re-entry following deportation by a person convicted of an aggravated felony. His underlying aggravated felony involved the trafficking of illegal immigrants (transporting undocumented aliens within the United States by means of a motor vehicle) in violation of 8 U.S.C. §§ 1324 (a)(1)(A)(ii) and 1324 (a)(1)(B)(ii). He served a sixteen-month sentence for the underlying crime and was deported in 1998 immediately upon release from prison.

The defendant does not challenge the validity of his underlying aggravated felony conviction. Instead, he challenges his underlying, prior deportation.[1] He

---

[1] He actually appears to raise due process challenges to two separate underlying deportations, one from 1998 following his release from prison, and one from 1986. The 1986 deportation, however, was not required to establish the elements of the offense for which he was convicted, nor was it required to establish the elements of the underlying aggravated felony. Also, the 1986 deportation did not increase the defendant's sentence because it was not used to enhance his offense level or criminal history under the Sentencing Guidelines. Accordingly, we do not address the earlier

alleges in his current § 2255 motion that his 1998 deportation following release from prison occurred without due process and that his counsel in the present conviction was constitutionally ineffective due to a failure to investigate the underlying deportation. He further alleges that counsel's failure deprived him of necessary information such that he did not make his plea knowingly and voluntarily. In this context, we may address the merits of his petition.

Under United States v. Martinez-Amaya, 67 F.3d 678, 682 (8th Cir. 1995), a prisoner convicted under 8 U.S.C. § 1326 may not obtain relief under § 2255 via an attack on the underlying deportation unless he or she demonstrates both a due process defect in the underlying deportation proceeding and actual prejudice. We held in Martinez-Amaya that a person deported following a conviction for an aggravated felony (cocaine distribution) could not prove actual prejudice stemming from procedural irregularities in a prior deportation process because the underlying aggravated felony itself established deportability:

> Martinez-Amaya failed to satisfy the prejudice requirement because, even if the challenged deportation proceeding had been fundamentally unfair, his prior conviction in May 1991 for delivery of cocaine, which constitutes an aggravated felony, would have precluded him from obtaining relief from deportation. This conviction made Martinez-Amaya deportable pursuant to 8 U.S.C. § 1251(a)(2)(A)(iii) and 8 U.S.C. § 1251(a)(2)(B)(i). Thus, Martinez-Amaya would have been deported even if his 1991 deportation hearing had been fundamentally unfair. In the absence of a showing of actual prejudice, his collateral attack on the 1991 deportation must fail.

---

deportation and discuss only the defendant's collateral attack upon the underlying, 1998 deportation.

Id. Because the defendant in the present case offers no basis for departure from our rule in Martinez-Amaya and has not otherwise demonstrated prejudice, his petition for relief is denied.

It is ordered that:

The defendant's petition for relief under 28 U.S.C. § 2255 is denied.

A certificate of appealability is denied.

Done and ordered this 16th day of Dec., 2005.

_____
Michael J. Melloy
UNITED STATES CIRCUIT JUDGE
Sitting by Designation